IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| CARGYLE BROWN SOLOMON, | * |
| Plaintiff, | * |
| v. | Civil Case No.: PWG-13-1953 |
| HERMAN C. DAWSON, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

On July 18, 2013, the undersigned entered a Memorandum and Order dismissing Plaintiff's complaint against state court judge, the Honorable Herman C. Dawson, ECF Nos. 5 & 6. The Court is in receipt of Plaintiff's Motion for Reconsideration, ECF No. 7. Additionally, Plaintiff moves to seal all exhibits filed in this case, ECF No. 8.[1] For the reasons stated herein, Plaintiff's Motion for Reconsideration shall be DENIED; and Plaintiff's Motion to Seal shall be GRANTED IN PART and DENIED IN PART.

I. **Motion for Reconsideration**

Parties frequently request that a court reconsider a prior ruling without citing any authority for such a request. The Federal Rules of Civil Procedure do not provide for a motion for reconsideration, denominated as such. However, Rule 7 defines a motion as any request,

---

[1] Plaintiff's motion requests "that the exhibits that [Plaintiff] already filed in the above mentioned case be sealed but that the Complaint is public. and [sic] the cover sheet is public." *See* Pl. Mot. to Seal. The Court construes this Motion as a request to seal the exhibits filed with the complaint, Exhibits 16 and 17 filed as a Supplemental/Reply Brief, ECF No. 4, and the exhibits filed with the Motion for Reconsideration.

written or oral, to the court that requests the issuance of an order. Therefore, Rule 7 is broad enough to permit a party to seek virtually any relief, including a request that it reconsider an order previously issued.

The Local Rules of this Court permit the filing of a motion for reconsideration within fourteen days of the issuance of the order that is the subject of the motion, unless otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60. *See* Loc. R. 105.10. The rule, however, contains no standard for its application, nor has this Court, or the Fourth Circuit, identified such a standard. Other courts have, and their guidance is instructive. In the widely cited case of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983), the court noted there are "circumstances when a motion to reconsider may perform a valuable function," but added that it was improper to use such a motion to "ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Id.* at 101. The court concluded:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* (emphasis added). Other courts that have considered this issue are in accord. *See, e.g.*, *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987) ("Courts have distilled various grounds for reconsideration of prior rulings into three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice."); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990); *Shields v. Shetler*, 120 F.R.D. 123,

125–26 (D. Colo. 1988) (recognizing the three customary reasons for granting a motion for reconsideration, providing they are of a "strongly convincing" nature, and observing that a motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple"); *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The learned commentators agree. *See, e.g.*, Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 18B *Fed. Prac. & Proc. Juris.* § 4478 (2d ed. 1981) (observing that permitting a motion for reconsideration for only limited grounds protects both the courts and the parties against the burden of repeat arguments by unyielding advocates).

The logic of these cases is apparent. When parties file a motion with the court, they are obligated to ensure it is complete with respect to facts, law and advocacy. Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience. Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it. In the relatively rare instances when there has been an intervening change in the controlling law, or the court has made a clear error in its initial ruling, or new facts have surfaced, that could not have been discovered through the exercise of due diligence before the motion was filed, then a request for reconsideration can perform a valuable function, allowing the court quickly to correct a clear error or injustice, and sparing the parties the need to appeal.

Plaintiff's Motion for Reconsideration is untimely if filed under Loc. R. 105.10. However, in affording liberal construal to this *pro se* Plaintiff, the Court can consider her Motion as one to alter or amend under Fed. R. Civ. P. 59(e). Such a motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Plaintiff has offered no justiciable reason to alter the previous findings of the Court and has introduced no material evidence that was unavailable at the time the Court made its prior ruling. Therefore, Plaintiff's Motion for Reconsideration shall be DENIED.

## II. Motion to Seal

Protection of information contained in filed documents is governed by Federal Rule of Civil Procedure 5.2 and District of Maryland Local Rule 105.11. Certain information contained in the exhibits Plaintiff moves to seal is protectable under Rule 5.2. The motion is unopposed, but that does not dispense of this Court's obligation to conduct a review under Local Rule 105.11. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012). Loc. R. 105.11 sets the procedure and standards for requesting that documents be placed under seal. The Rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231,

235 (4th Cir. 1984). The public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

Plaintiff has "proposed reasons supported by specific factual representations to justify the [requested] sealing," in accordance with Loc. R. 105.11. However, to the extent Plaintiff seeks to seal the whole docket or any information beyond that protectable under Rule 5.2, the Motion shall be DENIED because Plaintiff has failed to provide "an explanation why alternatives to sealing would not provide sufficient protection," as required under Loc. R. 105.11(b). Plaintiff failed to show why redactions, as opposed to sealing the records in their entirety, would not provide sufficient protection. *See Butler*, 876 F. Supp. at 576 ("[T]he court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents").

The Court finds that sufficient protection will be provided by redacting the following information as to the involved minors under Rule 5.2(a): names (except their initials), social security numbers, taxpayer-identification numbers, and birth dates. In addition to the exhibits filed with Plaintiff's complaint and Motion for Reconsideration, Plaintiff seeks to seal the Supplemental/Reply Brief she filed in all three related cases (PWG-13-1951, PWG-13-1952, and PWG-13-1953).[2] Plaintiff appears to have properly redacted the Brief using White-Out. To protect the information regarding the minor child sufficiently, the Court has photocopied the two volumes to make permanent Plaintiff's White-Out redactions. The original volumes shall be

---

[2] The Brief is identical in all three cases and filed as ECF No. 4 in each. It consists of one set of two volumes available in hard copy in the Clerk's Office. *See* Docket, ECF No. 4 (one set is available for all three cases). Although referenced in the table of contents, Plaintiff failed to file appendices 115 and 256 in Exhibit 16, and Appendix 130 in Exhibit 17. These three documents were available at the time of filing and were not filed.

returned to Plaintiff and the photocopies retained for the record.  If Plaintiff seeks redactions beyond those already redacted in these volumes, she shall file proposed redacted versions with the Court within fourteen (14) days, with a description of each additional redaction.

The Court deferred ruling for fourteen (14) days as required under Loc. R. 115 and received no objections.  Unlike the similar motion filed in PWG-13-1951, this Order grants no relief beyond that requested in Plaintiff's Motion to Seal, but rather restricts the requested relief to what is afforded under Rule 5.2.

### III. Conclusion

Plaintiff's Motion for Reconsideration shall be DENIED.  Plaintiff's Motion to Seal shall be GRANTED IN PART and DENIED IN PART.  The following sections of the record will be redacted: ECF Nos. 1-2, 1-3, 7-9, 7-11, 7-14, 7-15, 7-17, 7-19, 7-20, 7-22, and 7-25.  The Clerk shall file publicly the redacted versions and keep the originals under seal.  The Clerk shall file under seal photocopies of the documents filed as ECF No. 4 and return the originals to Plaintiff.  If no additional redactions are proposed within fourteen (14) days, the Clerk shall unseal the photocopies of the documents originally filed as ECF No. 4.

A separate order shall issue.


Dated: August 30, 2013                                /S/
                                                     Paul W. Grimm
                                                     United States District Judge
jwr